UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| VIRGINIA CARRICO, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| ANDREW SAUL, | ) Cause 2:18-CV-355 RLM-MJD |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This cause is before the court on Virginia Carrico's motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, following the court's entry of final judgment remanding the case to the Commissioner of Social Security for further proceedings. Ms. Carrico's attorney, Adriana M. de la Torre, requests an award of fees in the amount of $10,888.02. The Commissioner objects to her request on the grounds that its position was substantially justified.

The EAJA isn't "an automatic fee-shifting statute," so merely prevailing against the Commissioner doesn't entitle a party to an award of fees. Potdar v. Holder, 585 F.3d 317, 319 (7th Cir.2009). The EAJA allows a district court to award attorney's fees "where (1) the claimant was a 'prevailing party,' (2) the government's position was not 'substantially justified,' (3) no special circumstances make an award unjust, and (4) the claimant filed a timely and complete application with the district court." Stewart v. Astrue, 561 F.3d 679, 683–684 (7th Cir. 2009).

Ms. Carrico filed a timely petition supported by an itemized statement and is a "prevailing party" and there are no "special circumstances" in this case that would make an award of fees and costs unjust. Ms. Carrico and Commissioner dispute whether the Commissioner's position was substantially justified.

The Commissioner bears the burden of establishing that his position was substantially justified overall. Conrad v. Barnhart, 434 F.3d 987, 990 (7th Cir.2006). "[A] position can be justified even though it is not correct, and . . . can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is if it has a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988); *see also* Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir.2009); Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004). "EAJA fees may be awarded if either the government's pre-litigation conduct [*e.g.*, the ALJ's decision] or its litigation position are not substantially justified." Golembiewski v. Barnhart, 382 F.3d at 724 (quoting Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994).

The Commissioner argues that its position was substantially justified because the court rejected some of Ms. Carrico's arguments and because there was no clear authority from the Seventh Circuit. Ms. Carrico responds that the court must examine all of the agency action, including actions at the administrative level. Ms. Carrico argues that the agency action was not substantially justified either at the administrative level or during litigation.

A position is substantially justified if it has a reasonable basis in law and fact. Stewart, 561 F.3d at 683. As the court noted in its opinion, the ALJ didn't

consider Ms. Carrico's depression at all in step two of its analysis. The court of appeals has repeatedly instructed the Social Security Administration to consider the applicant's medical problems in combination. *See* the collection of cases in Goins v. Colvin, 764 F.3d 677, 681 (7th Cir. 2014). The ALJ's lack of consideration of Ms. Carrico's depression wasn't substantially justified. And the Commissioner wasn't substantially justified in continuing to defend the ALJ overlooking Ms. Carrico's depression. Ms. Carrico is entitled to attorney fees under the EAJA.

The Commissioner hasn't challenged the number of hours billed or the hourly rate requested, but the plaintiff bears the burden of proving the reasonableness of the hourly rate and hours worked. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Counsel's use of the Consumer Price Index to calculate an appropriate inflation adjustment is reasonable, as is the hourly rate of $193.05 that she requests, *see* Tchemkou v. Mukasey, 517 F.3d 506, 512 (7th Cir. 2008) ("[G]iven the passage of time since the establishment of the hourly rate, a cost-of-living adjustment is warranted."). Counsel submitted an itemized statement of hours performed, and the court finds that the hours expended by counsel are reasonable.

Accordingly, the court GRANTS Ms. Carrico's motion for an award of fees and costs under the EAJA [Doc. No. 17] with the addition of fees incurred to prepare the reply brief [Doc. No. 20] in the total amount of $10,888.02. This amount shall be paid directly to the de la Torre Law Office LLC, 333 N. Alabama

Street, Suite 350, Indianapolis, IN 46204, subject to offset if Ms. Carrico has any pre-existing federal debts. *See* Astrue v. Ratliff, 560 U.S. 586 (2010).

SO ORDERED.

ENTERED:   November 1, 2019

/s/ Robert L. Miller, Jr.
Judge, United States District Court
For the Southern District of Indiana
Sitting by designation

Distribution:

Lu Han
SOCIAL SECURITY ADMINISTRATION
lu.han@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@dltlawoffice.com